Birchard, Judge.
Several questions have been made in argument for complainant, which do not necessarily arise in the ease. As, whether the court had jurisdiction to decree a sale without service upon a minor defendant; and whether this claim may be barred by lapse of time ? To these points authorities have been cited ; but as the same questions arise directly in other eases now before us, it is better to waive the expression of an opinion until the questions are so presented as to render action necessary.
*In the view we take of this case, it is essentially a bill for the [195 specific performance of a contract against which time has run, if not as a bar, still so long as to change the entire equities of the parties, and to render it inequitable to enforce a specific execution, as" against either Baylor or his vendee. Instead of a prompt compliance on their part, the complainant and his ancestor lay by from 1818 to 1841, a period of twenty-three years, without an offer to complete the contract or tender of the purchase money. Under such circumstances chancery will not afford aid by decreeing a conveyance, but will leave the complainant to whatever remedy the law may give him.
The purchase money was due in the lifetime of his father, a circumstance sufficient to prevent the court from interfering, or allowing his infancy to vary the general features of the ease.
Bill dismissed.